IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PUBLICATIONS INTERNATIONAL, LTD., an Illinois Corporation, SD-X INTERACTIVE, INC., a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>SONIX TECHNOLOGY CO., LTD., a Taiwan Corporation,<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Publications International, Ltd. ("PIL") and SD-X Interactive, Inc. (SD-X), for their

Complaint against Sonix Technology Co., Ltd. ("Sonix"), alleges as follows:

## NATURE OF ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity of

United States Patent No. 7,328,845 ("the '845 patent") pursuant to the Declaratory Judgment

Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq*., and for

such other relief as the Court deems just and proper.

## PARTIES

2.      Publications International, Ltd. is an Illinois corporation, with its headquarters and

principal place of business at 7373 North Cicero Avenue, Lincolnwood, Illinois.

1

3.      PIL is a leading publisher of books, periodicals and children's interactive learning products in the United States.  PIL produces, distributes, and sells award-winning children's books and interactive learning products throughout the United States, including in the Northern District of Illinois.  PIL's books and related products are intended for preschool as well as school-age children and cover a range of subjects from baby's first vocabulary books, favorite bible stories, and classic treasuries of time-honored children's tales.

4.      SD-X Interactive, Inc. is a Delaware corporation, with its headquarters and principal place of business at 7373 North Cicero Avenue, Lincolnwood, Illinois.   SD-X has common ownership to PIL.

5.      SD-X developed a variety of products that use a pen-like electronic reader that houses a microprocessor and optical sensor ("Point-And-Play Device").  When the electronic reader is placed near the surface of specially made printed materials, such as books, the Point-And-Play Device can read microscopic codes on those printed materials prompting the reader to emit spoken words and sound effects to enhance the experience provided by the printed materials.

6.      PIL sells and distributes the SD-X Point-And-Play Device with sets of specially made books in products such as My Interactive Point-and-Play 5-Book Library (featuring 5 Interactive Bible Stories) ("Bible Stories") and Ready to Read Complete System (featuring 10 Interactive Learning Books) ("Learning Books").  PIL sells and distributes other products that include the Point-And-Play Device.

7.      SD-X also supplies others with its Point-And-Play Devices.  For example, SD-X has and continues to supply its Point-And-Play Devices to Replogle Globe ("Replogle") for use

with globes specially made with the aforementioned microscopic codes (the "Replogle Intelliglobe"). SD-X also prints a book with the microscopic codes that is included with the Intelliglobe.

8.      Sonix Technology Co., Ltd. is a company organized and existing under the laws of the country of Taiwan, with its principal place of business at 10F-1, No.36, Taiyuan Street, Chupei City, Hsinchu, Taiwan.

9.      Sonix is an international developer of integrated circuits, including optical identification ("OID") technology, which facilitates the transfer of data from encoded images to electronic devices.

10.      United States Patent No. 7,328,845 is entitled "Method For Producing Indicators And Processing Apparatus And System Utilizing The Indicators" and bears an issuance date of February 12, 2008. The '845 patent relates to OID technology. A true and correct copy of the '845 patent is attached as Exhibit A.

11.      On information and belief, Sonix is the owner of the entire right, title and interest in and to the '845 patent.

## JURISDICTION AND VENUE

12.      Jurisdiction is proper in this court because this litigation arises under federal law, 35 U.S.C. §§ 100, *et seq*. The Court has jurisdiction over this action under 28 U.S.C. §§1331, 1338(a), and 2201. Jurisdiction is also proper under 28 U.S.C. § 1332(a) because this is an action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     In October 2009, a representative of Sonix visited PIL and SD-X's headquarters in Lincolnwood, Illinois to negotiate the terms of an agreement to supply Point-And-Play Devices.  During the October meeting the Sonix representative noted Sonix's ownership of the '845 patent.

14.     Negotiations over the supply agreement between Sonix and PIL/SD-X failed after continued communications between Sonix's Taiwan headquarters and PIL/SD-X in Lincolnwood, Illinois.

15.     In December 2010, Sonix alleged that VTech Electronics North America LLC had infringed the '845 patent in a case styled *Sonix Technology Co Ltd v. VTech Electronics North America LLC, et al,* (N.D. Illinois, Civil Action No. 1-10-cv-08291) ("the VTech action").

16.     On January 26, 2011, VTech filed a request with the United States Patent and Trademark Office to reexamine the '845 patent.

17.     In February 2011, Replogle received a letter from Sonix's outside legal counsel alleging that the Replogle Intelliglobe infringes multiple claims of the '845 patent and requested discussions regarding licensing.  On information and belief, Replogle responded essentially that in view of the reexamination of the '845 patent there was nothing to discuss.

18.     On or about August 6, 2012, PIL received a letter from Sonix's outside legal counsel alleging that PIL products infringe multiple claims of the '845 patent.  Specifically, Sonix's outside legal counsel identified PIL's Bible Stories and Learning Books as infringing, but noted that this list was not exhaustive.  A true and correct copy of the letter is attached as Exhibit B.

19.     On December 27, 2012, the United States Patent Office completed the reexamination of the '845 patent.

20.     On or about January 11, 2013, PIL received another letter from Sonix's outside legal counsel stating that "[o]ur views relating to how several PIL products infringe multiple claims of the '845 patent remain unchanged" and threatening that "[i]f we do not hear from you by January 23rd, Sonix will understand PIL disputes our conclusion on infringement and Sonix will proceed with further action to protect its interests forthwith."  A true and correct copy of the January 11th letter is attached as Exhibit C.

21.     On information and belief, in January 2013, Sonix's outside legal counsel also threatened legal action against Replogle over the '845 patent.

22.     In view of these letters an actual controversy has arisen between the parties related to the alleged infringement of the '845 patent.

23.     Since receiving the January 2013 accusation letters, PIL has tried to resolve Sonix's infringement accusations with no success.  Thus, PIL, SD-X and its customer Replogle remain under an imminent threat of a patent infringement suit.

24.     As a result of Sonix acts described in the foregoing paragraphs, Sonix has (i) conducted business in this district, (ii) established minimum contacts with Illinois, and (iii) purposefully availed itself to the laws of the State of Illinois.  This Court has personal jurisdiction over Sonix.

25.     Venue properly lies in the Northern District of Illinois, under 28 U.S.C. §§1391(b) and 1391(c), because the claims arose, in whole or part, in this judicial district, PIL maintains its principal place of business here, and Sonix is not a resident of the United States.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '845 Patent)

26.     Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1 to 24 of this Complaint with the same force and effect as if fully set forth herein.

27.     Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '845 patent, either literally or under the doctrine of equivalents.

28.     Plaintiffs' products have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '845 patent, either literally or under the doctrine of equivalents.

29.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '845 patent.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '845 Patent)

31.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 to 29 of this Complaint with the same force and effect as if fully set forth herein.

32.     The '845 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq*.

33.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the '845 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in its favor and grant the following relief:

a.     Declare that Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '845 patent

b.     Declare that Plaintiffs' products have not infringed and do not infringe any valid and enforceable claim of the '845 patent;

c.     Declare the '845 patent is invalid for failure to meet one or more of the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq*.;

d.     Declare that this is an exceptional case and award Plaintiffs their costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

        e.      Enter such other and further relief to which PIL may be entitled as a

matter of law or equity, or which the court deems just or proper.

Dated: March 8, 2013

                /s/__Jordan A. Sigale _____

                One of the Attorneys for Plaintiff,
                PUBLICATIONS INTERNATIONAL, LTD. and

                SD-X Interactive, Inc.

Jordan A. Sigale (ARDC # 6210047)
LOEB & LOEB LLP
321 North Clark Street
Chicago, Illinois 60610
Telephone: (312) 464-3100
Facsimile: (312) 464- 3111

Dorothy M. Weber, Esq. *(pro hac vice* application to be filed)
SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
111 West 57th Street, Suite 1120
New York, New York 10019
Telephone: (212) 245-4580